```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | NO. |
| : | |
| ONE 2011 PORSCHE PANAMERA : | |
| TURBO, VIN WP0AC2A76BL090274; : | |
| ONE 2011 AUDI Q7, VIN : | |
| WA1DGBFE8BD006887; AND ONE : | |
| 1972 CHEVROLET CHEVELLE : | |
| MALIBU CONVERTIBLE, VIN : | |
| 1D67J2B671803; : | |
| : | |
| Defendants. : | |

## COMPLAINT FOR FORFEITURE

COMES NOW the United States of America the Plaintiff in this matter, and shows the Court the following in support of this Complaint for Forfeiture:

1.

This Court has jurisdiction and venue over the claim by virtue of 28 U.S.C. §§ 1345, 1355, and 1395.

2.

This Complaint for Forfeiture is filed pursuant to 21 U.S.C. § 881(a)(6) against one 2011 Porsche Panamera Turbo, VIN WP0AC2A76BL090274; one 2011 Audi Q7, VIN WA1DGBFE8BD006887; and one 1972 Chevrolet Chevelle Malibu convertible, VIN 1D67J2B671803; hereafter referred to as the "Defendant Vehicles," all of which are

located in the Northern District of Georgia. The basis for forfeiture of the Defendant Vehicles is set forth herein.

3.

On April 3, 2011, Drug Enforcement Administration agents arrested Robert Nyakana in Illinois, after the semi-truck Nyakana was driving was found to contain 136 kilograms of cocaine. In a statement made after his arrest, Nyakana stated that he worked for Bryan Eammon Williams.

4.

Nyakana explained that he would load the cocaine onto his semi-truck in the Los Angeles, California, area. Williams was present in California on at least two occasions when cocaine was loaded onto Nyakana's truck.

5.

Nyakana stated that he would then drive the cocaine from California to the Baltimore, Maryland, area and that Williams would fly to Maryland and meet Nyakana and take delivery of the cocaine.

6.

Nyakana stated that he had completed four such deliveries of cocaine to Williams in the preceding year.

7.

According to Nyakana, Williams was present in California when the 136 kilograms of cocaine found in Nyakana's semi-truck on April 3, 2011, were loaded onto the semi-trailer.

8.

Nyakana stated that in the four prior shipments, he moved loads of cocaine packaged in two, three, five and five duffel bags, respectively.  In the 126 kilogram load, 12 duffel bags were used.

9.

Nyakana said that Williams paid him $2,000 per kilogram that he transports, and that he had been paid $8,000, $30,000, $100,000 and $100,000 in cash for the prior four shipments. Nyakana was expecting Williams to pay him approximately $270,000 for transporting the 136 kilograms of cocaine the semi-truck.

10.

With Nyakana's consent, DEA agents monitored him when he telephoned Williams and arranged to complete delivery of the 136 kilograms in the semi-truck.

11.

On April 4, 2011, under DEA surveillance, Nyakana met with Williams in Jessup, Maryland, and engaged in a monitored conversation regarding the delivery of the cocaine load.

12.

While Williams and Nyakana spoke, agents moved in and placed Williams under arrest. Agents recovered approximately $270,000 in U.S. currency from Williams' rental car.

13.

While gathering pedigree information on Williams, he stated he was not employed.

14.

Subsequent investigation revealed that Williams owned several pieces of real property in the Atlanta, Georgia, metropolitan area.

15.

Among Williams' real estate holdings is 112 Evergreen Trail in Atlanta, Fulton County, Georgia.

16.

DEA agents began surveillance on the house at 112 Evergreen Trail after Williams' arrest.

17.

On April 5, 2011, at approximately 9:30 AM, two women arrived at the house in the Defendant Audi Q7, a sport-utility vehicle bearing a Maryland license plate.

18.

The garage opened as the vehicle approached and the Audi backed into the garage.

19.

Approximately 20 minutes later, two DEA agents knocked on the door of the house. They were greeted by a woman identified as Pil Leonora Black.

20.

The agents showed Black a photograph of Williams and stated that he was in custody. Black began to cry and stated that she was Williams' girlfriend, that she lived part-time at 112 Evergreen Trail, and that Williams owned the house.

21.

Black further stated that Williams had purchased the Defendant Audi Q7 for her, that he did not have a job or source of legitimate income, and that he frequently travels between Atlanta and Baltimore, Maryland.

22.

Black told the agents that she wanted to leave the house. She was told she was free to leave, but the Defendant Audi would have to remain at the house. When the agents later ran an inquiry of the Defendant Audi's Maryland license plate number, there was no record on file of that license plate having been issued.

23.

Two other vehicles were also parked at 112 Evergreen Trail, the Defendant 1972 Chevrolet Chevelle Malibu convertible and the Defendant 2011 Porsche Panamera.

24.

Before Black left, she attempted to remove several items of jewelry from the Defendant Audi, including three Rolex men's watches and a Cartier men's watch. The agents instructed Black to leave the jewelry in the Defendant Audi pending further investigation.

25.

Agents later spoke to a mail carrier whose route includes 112 Evergreen Trail. The mail carrier stated that she had personally delivered mail to Williams at the house.

26.

DEA agents continued their investigation, uncovering at least seven real properties owned either individually by Williams or by Bryan E. Williams Enterprises, LLC; and Bryan E. Williams Enterprises, Inc.

27.

Further investigation found the Williams had purchased the Defendant Audi Q7 on February 28, 2011, and paid approximately $72,778.00 in cash for the vehicle.

28.

Williams purchased the Defendant Porsche Panamera Turbo on December 16, 2010, and paid $150,926.36 for the vehicle, using a 2008 Mercedes-Benz as a $80,0000 trade in and financing $71,284.36 through Porsche Financial Services. The outstanding balance as of July 5, 2011, was approximately $52,500.

29.

Williams purchased the Defendant Chevrolet Chevelle Malibu convertible on August 29, 2009, for $1,070. Williams then spent approximately $40,000 in cash in September 2009 to have the vehicle fully restored.

30.

As stated above, Bryan Williams has admitted, and his girlfriend has corroborated, that Williams has no legitimate employment or source of income. Plaintiff contends that in light of Williams' drug trafficking activities, evidence exists to indicate that the Defendant Vehicles are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money, negotiable instruments, securities, and other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I of the United States Code,

or proceeds traceable to such an exchange, or money used to facilitate any drug violation or intended to be used to facilitate any drug violation.

WHEREFORE, the United States prays:

(1) That the Court forfeit the Defendant Vehicles to the United States of America;

(2) That the Court award the Plaintiff the costs of this action; and

(3) That the Court grant such other relief as the Court deems just and proper.

This ____ day of July, 2011.

                Respectfully submitted,

                SALLY QUILLIAN YATES
                UNITED STATES ATTORNEY

                /s/ G. Jeffrey Viscomi
                G. JEFFREY VISCOMI
                ASSISTANT U.S. ATTORNEY

                GEORGIA BAR NO. 289074
                600 U.S. COURTHOUSE
                75 SPRING STREET, S.W.
                ATLANTA, GEORGIA 30303
                (404)581-6036 - Office
                jeffrey.viscomi@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | NO. |
| : | |
| ONE 2011 PORSCHE PANAMERA : | |
| TURBO, VIN WP0AC2A76BL090274; : | |
| ONE 2011 AUDI Q7, VIN : | |
| WA1DGBFE8BD006887; AND ONE : | |
| 1972 CHEVROLET CHEVELLE : | |
| MALIBU CONVERTIBLE, VIN : | |
| 1D67J2B671803; : | |
| : | |
| Defendants. : | |

**VERIFICATION OF FIRST AMENDED COMPLAINT FOR FORFEITURE**

I, Task Force Officer Jeffery Shelton, have read the First Amended Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 23 day of July, 2011.

_____
JEFFERY SHELTON
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION